UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAELA HEMPHILL, et al., )<br>        Plaintiffs, )<br>        v. )<br>MIGUEL CARDONA, Secretary of the )<br>United States Department of Education, et al., )<br>        Defendants. ) | Civil Action No. 22-CV-1391 |

**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, Miguel Cardona, in his official capacity as the Secretary of Education, and the United States Department of Education (Department), by their undersigned counsel of record, state as follows in response to each of the numbered paragraphs in Plaintiff's Complaint for Declaratory and Injunctive Relief:

**RESPONSES TO NUMBERED PARAGRAPHS IN COMPLAINT**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Defendants admit that the Office of the Illinois Attorney General sent a letter to the United States Department of Education dated November 28, 2016, asking the Department to grant borrower defense discharges to Illinois students who attended Westwood's Criminal Justice program from 2004 until the school closed in March of 2016. Defendants deny that such a letter constituted a Group Application and, otherwise, lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. The first sentence contains legal conclusions, to which no response is required, and characterizes the letter from the Office of the Illinois Attorney General to the United States Department of Education; Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents. Defendants admit the second sentence contains accurate quotations from the November 28, 2016, letter from the Office of the Illinois Attorney General to the Department and refer the Court to that letter for a full and accurate statement of its contents; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendants admit that the Department has granted discharges (a) to borrowers who received Federal student loans to attend Westwood Colleges and (b) to other institutions of higher education and that some of those discharges apply to borrowers who had not applied for a discharge at the time. Clause (c) in this paragraph consists of legal conclusions, to which no response is required.

5. This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that they have not yet issued a decision on the Westwood Group Application, and further aver that they are evaluating correspondence and supporting material submitted by the Office of the Illinois Attorney General regarding Westwood College, as well as other relevant information about that institution in the Department's possession. Otherwise, deny.

6. This paragraph contains Plaintiffs' characterization of the correspondence sent by the Office of the Illinois Attorney General to the Department of Education relating to former students of Westwood College; Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents. Defendants deny that the Department has accepted the findings

of the Illinois Attorney General for purposes of considering borrower defense discharge applications.

7. This paragraph consists of Plaintiffs' characterization of their complaint and legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

8. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, deny.

9. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny that their actions constituted a constructive denial or unreasonable delay; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. This paragraph constitutes Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the requested relief.

12. This paragraph consists of legal conclusions, to which no response is required.

13. This paragraph consists of legal conclusions, to which no response is required.

14. This paragraph consists of legal conclusions, to which no response is required.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph. As to the third sentence, Defendants admit that Ms. Hemphill's name is on the list of students submitted to the Department of Education

by the Illinois Attorney General, but deny that the list constituted a borrower defense application on behalf of the individuals on the list.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph. As to the third sentence, Defendants admit that Ms. Vences' name is on the list of students submitted to the Department of Education by the Illinois Attorney General, but deny that the list constituted a borrower defense application on behalf of the individuals on the list.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph. As to the third sentence, Defendants deny that Mr. Christou's name is on the list of students submitted to the Department of Education by the Illinois Attorney General.

18. Admit.

19. Admit.

20. This paragraph consists of legal conclusions, to which no response is required.

21. This paragraph consists of legal conclusions, to which no response is required.

22. This paragraph consists of legal conclusions, to which no response is required.

23. This paragraph consists of legal conclusions, to which no response is required.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. This paragraph consists of legal conclusions, to which no response is required.

26. In response to the first sentence, the Defendants admit that the Department issued a common promissory note for the FFEL Program but deny that it provided that a borrower is

entitled to assert as a defense all claims and defenses that the borrower could assert against the school. The second sentence consists of legal conclusions, to which no response is required.

27. This paragraph consists of legal conclusions, to which no response is required.

28. This paragraph consists of legal conclusions, to which no response is required.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth the allegations in this paragraph.

30. Defendants admit the allegations in the first two sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph to the extent they allege that the materials submitted by the Illinois Attorney General constituted borrower defense discharge applications on behalf of specific identified borrowers.

31-32. These paragraphs consist of legal conclusions, to which no response is required.

33. In response to the allegations in the first sentence of this paragraph, the Department admits that it had the authority to grant borrower defense discharges to borrowers who have not filed applications for such discharges under 34 CFR §685.222(f) as in effect between July 1, 2017 and July 1, 2020 and has discharged loans without applications from borrowers in other circumstances under different authorities. The Department denies the allegations in the second sentence and further avers that the discharges referenced in that sentence were not borrower defense discharges.

34. Admit.

6

35. Defendants admit the allegations in the first sentence of this paragraph. As to the second sentence, Defendants respectfully refer the Court to the cited complaint for a full and accurate statement of its contents and deny any allegations inconsistent with the cited complaint.

36. Admit.

37. Admit.

38. Defendants admit the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

39. Admit.

40. Defendants admit that the Illinois Attorney General submitted evidence to support the allegations it made in its submission to the Department. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph

41. Defendants admit that this paragraph contains an accurate quotation from the November 28, 2016, letter from the Office of the Illinois Attorney General to the Department. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

42. Admit.

43. Defendants admit that this paragraph contains an accurate quotation from the November 28, 2016, letter from the Office of the Illinois Attorney General to the Department. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

44. Defendants admit that Senator Durbin sent a letter dated December 9, 2016, to the Department, and that this paragraph contains accurate quotations from that letter. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

45. Defendants admit that the Illinois Attorney General sent a letter to the Department dated December 13, 2016, with the statements included in this paragraph. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

46. Defendants admit that the Illinois Attorney General sent a letter to the Department dated January 4, 2017, with the statements included in this paragraph. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

47. Defendants admit that the Illinois Attorney General sent a letter to the Department dated May 6, 2022, and respectfully refer the Court to that letter for a full and accurate statement of its contents.

48. Defendants admit that they received the material submitted by the Illinois Attorney General regarding student loans owed by former students of Westwood College in 2016. Defendants deny that the materials are applications for borrower defense discharges by the students.

49. Admit.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, due to the lack of sources for the quotations. In response to the second sentence in this paragraph, Defendants admit that they have not issued a final response to the material submitted by the Illinois Attorney General in regard to the student loans owed by former students of Westwood College in Illinois.

51. Deny.

52. Defendants admit that the Department took into account information in the material submitted by the Illinois Attorney General, as well as other relevant information it had available, in making decisions on individual borrower defense applications submitted by former students of Westwood College; otherwise, deny.

53. Admit.

54. Admit.

55. Admit.

56. Admit.

57. Admit.

58. Admit.

59. Admit.

60. Defendants admit that the Department relied on the information provided by the Illinois Attorney General, as well as other information in its possession, to grant borrower defense discharges to borrowers who filed individual discharge applications. Defendants deny the allegation in this paragraph that borrowers who did not submit individual applications were "identically situated" as those borrowers who did submit such applications.

61. Defendants admit that this paragraph contains accurate quotations from the Department's press releases issued July 9, 2021, and February 16, 2022, and that the Department has not applied those findings to the students named in the Westwood Group Application.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph.

62 - 65.  Deny; the foundation of these paragraph is Plaintiffs' allegations that Defendants' actions constituted a constructive denial or an illegal delay but Defendants deny such an allegation.

66.  Deny; the foundation of this paragraph is Plaintiffs' characterization of what the law requires but Defendants deny that characterization.

67.  Deny; the foundation of this paragraph is Plaintiffs' allegations that Defendants' actions constituted a constructive denial or an illegal delay but Defendants deny such an allegation.

68.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70.  Admit.

71.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74.  Admit

75.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

78.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80.	This paragraph states Plaintiffs' characterization of their putative class, to which no response is required. To the extent that a response is deemed required, Defendants deny that such a certified class is appropriate in this action.

81.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that all the individuals included in the list provided by the Illinois Attorney General to the Department of Education took out federal student loans to pay for their attendance at Westwood.

82.	This paragraph consists of legal conclusions, to which no response is required.

83.	The first sentence of this paragraph consists of legal conclusions, to which no response is required. Defendants admit that the second sentence correctly states the information in the complaint and answer filed in the cited lawsuit.

84. Defendants admit that the letter from the Illinois Attorney General to the Department of Education asked that the Department discharge student loans owed by borrowers who attended certain programs at Westwood College in Illinois. Defendants deny that the letter constituted a Group Application. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86. This paragraph consists of legal conclusions, to which no response is required.

87. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that the materials submitted by the Illinois Attorney General constituted borrower defense discharge applications on behalf of the borrowers in Plaintiffs' putative class.

88. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph, and further aver that not all of the individually named Plaintiffs are included in the Illinois Attorney General Office's letter to the Department.

89. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph, and further aver that not all of the individually named Plaintiffs are included in the Illinois Attorney General Office's letter to the Department.

90. This paragraph consists of legal conclusions, to which no response is required.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

93. Defendants repeat and incorporate their above answers to these paragraphs.

94-97. These paragraphs consist of legal conclusions, to which no response is required.

98. Defendants deny the allegations in this paragraph.

99-103. These paragraphs consist of legal conclusions, to which no response is required.

104. Defendants repeat and incorporate their above answers to these paragraphs.

105. This paragraph consists of legal conclusions, to which no response is required.

106. Deny.

107. Deny.

108-111. These paragraphs consist of legal conclusions, to which no response is required

The remainder of the Complaint constitutes a prayer for relief, to which no answer is required. To the extent an answer is deemed required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

All allegations not specifically admitted or denied in the foregoing numbered responses are hereby denied.

Dated: August 1, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCY BERMAN
Assistant Branch Director

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER
IL Bar No. 6286601
Senior Trial Counsel
United States Department of Justice
    Civil Division, Federal Programs Branch
1100 L Street NW, Room 11020
Washington, DC 20530
    Tel.:  (202) 353-9265
    Fax:  (202) 616-8460
E-mail: adam.kirschner@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
1100 L Street NW, Room 11020
Washington, D.C. 20005

*Counsel for Defendants*