UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAELA HEMPHILL, <u>et al.</u>,          )<br>                                                            )<br>          Plaintiffs,                             )<br>                                                            )<br>     v.                                                 )          Civil Action No. 22-CV-1391<br>                                                            )<br>MIGUEL CARDONA, Secretary of the )<br>United States Department of Education, <u>et al.</u>, )<br>                                                            )<br>          Defendants.                           )<br>_____ ) | |

## JOINT STATUS REPORT

Pursuant to this Court's May 22, 2024 Minute Order, the parties provide this joint status report.

**Joint Statement**

This case seeks class-wide relief pursuant to 5 U.S.C. § 706 on behalf of certain students who enrolled in the Criminal Justice program at Westwood College in Illinois and are part of a request (the "IL AG Application") submitted in 2016 by the Illinois Attorney General's Office ("IL AG") to the U.S. Department of Education to have their federal student loans discharged. Plaintiffs filed an Amended Complaint ("Complaint") on August 17, 2022. Dkt. 18. Defendants, Miguel Cardona, in his official capacity as the Secretary of Education, and the United States Department of Education (together, "Department") filed an Answer to Plaintiffs' Amended Complaint ("Answer") on August 25, 2022. Dkt. 19. There are no other pending deadlines in the case.

On August 30, 2022, the Department announced that it will "discharge all remaining federal student loans for borrowers who enrolled in any location of Westwood College (including enrollment in Westwood's online program) between January 1, 2002 through November 17, 2015

when it stopped enrolling new borrowers in advance of its 2016 closure." Press Release, U.S. Dep't of Educ., Education Department Approves $1.5 billion in Debt Relief for 79,000 Borrowers Who Attended Westwood College (August 30, 2022) (hereinafter "August 2022 Press Release"), https://www.ed.gov/news/press-releases/education-department-approves-15-billion-debt-relief-79000-borrowers-who-attended-westwood-college.

As previously noted, the Department, on March 29, 2023, began issuing notices to borrowers of their "Student Loan Discharge Based on Borrower Defense Evidence." ECF No. 25 at 2. The Notice provides that the Department is effectuating a "Group Discharge" regarding "all outstanding Federal student loans taken out by students for attendance at Westwood College between January 1, 2002 through the school's closure in 2016." *Id.* The Department further states that the action "follow[ed] the Department's finding that the school engaged in widespread misconduct that violated state consumer protection laws and/or made widespread substantial misrepresentations about its students' employment prospects and the ability of its' students to transfer credits, both of which create a basis for a claim for borrower defense to repayment discharge under the Department's regulations." *Id.*

Previous joint status reports in this matter explained that the discharge data reported by Defendants was based on information reported to the Department by the loan servicers, and that the Department has been working to verify the status of the Westwood discharges reported by the servicers using records reported in the National Student Loan Data Systems (NSLDS). *See, e.g.*, ECF No. 33 at 3; ECF No. 35 at 3. The information provided in this report reflects the status of the discharges as reflected in NSLDS. Additionally, to better track progress on providing relief to Westwood group borrowers, the Department has split the group of borrowers into more distinct categories.

Accordingly, of those borrowers with <u>only</u> Department-held loans, approximately 39,500 (or 80%) have received discharges. Of those borrowers with <u>only</u> FFEL loans not held by the Department, approximately 6,500 (or 75%) have received discharges. Of those borrowers who have a mix of qualified FFEL <u>and</u> Department-held loans, approximately 8,300 (or 41%) have received discharges. In addition, discharges are currently in process for approximately 16,600 borrowers (or 21%) in the three different categories combined. These numbers vary from those previously reported due to the above-noted reliance in this report on NSLDS data rather than servicer data and also because these numbers have been updated to reflect borrower-based information, which more accurately reflects the status of borrowers' discharges, rather than loan-based information.

As previously explained, *see, e.g.*, ECF No. 35 at 2, at this stage of the discharge process the Department is continuing to process more complex loans, including consolidation loans in which only a portion of the loans which were consolidated are eligible for discharge. These cases require additional work by the Department and therefore take additional time to complete. Moreover, the Department must balance its work in this matter with its competing agency priorities (some of which are court ordered) and limited resources. Notwithstanding these constraints, the Department is committed to effectuating the remaining discharges as expeditiously as practicable and anticipates reporting its progress in the next reporting period. As the Department has previously noted, all of the loans—Department-held or otherwise—for the three named Plaintiffs in this case have been discharged. *E.g.*, *id.* at 3.

Plaintiffs have reiterated to the Department their concern about the rate of discharges and will continue to monitor the Department's discharge performance during the proposed upcoming status report period to assess whether further action in this proceeding is required. The parties

continue to make progress discussing the details of the Department's implementation of debt relief for former Westwood students; how such implementation will affect the named Plaintiffs and proposed class in this litigation; and how such implementation will affect future litigation in this case, if any. As discussions between the parties are ongoing, the parties respectfully propose providing this Court another joint status report on September 17, 2024.

Dated: July 19, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/*Cristen C. Handley*
CRISTEN C. HANDLEY, MO Bar 69114
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11520
Washington, DC 20530
Tel.:   (202) 305-2677
E-mail: cristen.handley@usdoj.gov

*Counsel for Defendants*

/s/Eric Rothschild
Daniel A. Zibel (D.C. Bar No. 491377)
Eric Rothschild (D.C. Bar No. 1048877)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
dan@defendstudents.org
eric@defendstudents.org

Stuart T. Rossman* (MA BBO No. 430640)
Kyra Taylor* and (D.C. Bar No. 1510681)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110
(617) 542-8010

        srossman@nclc.org
        ktaylor@nclc.org

        David Hinojosa (D.C. Bar No. 1722329)
        Chavis Jones** (D.C. Bar No. 1739219)
        LAWYERS' COMMITTEE FOR CIVIL
        RIGHTS UNDER LAW
        1500 K Street, NW, Suite 900
        Washington, DC 20005
        Telephone: (202) 662-8600
        Facsimile: (202) 783-0857
        dhinojosa@lawyerscommittee.org
        cjones@lawyerscommittee.org

*application for admission *pro hac vice* granted
** Practice is supervised by one or more D.C. Bar members and admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver)

        *Attorneys for Plaintiffs*