UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAELA HEMPHILL, et al.,   )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>MIGUEL CARDONA, Secretary of the   )<br>United States Department of Education, et al.,   )<br>)<br>Defendants.   )<br>_____)  | Civil Action No. 22-CV-1391 |

## JOINT STATUS REPORT

Pursuant to this Court's January 13, 2025 Minute Order, the parties provide this joint status report.

**Joint Statement**

This case seeks class-wide relief pursuant to 5 U.S.C. § 706 on behalf of certain students who enrolled in the Criminal Justice program at Westwood College in Illinois and are part of a request (the "IL AG Application") submitted in 2016 by the Illinois Attorney General's Office ("IL AG") to the U.S. Department of Education to have their federal student loans discharged. Plaintiffs filed an Amended Complaint ("Complaint") on August 17, 2022. ECF No. 18. Defendants, Miguel Cardona, in his official capacity as the Secretary of Education, and the United States Department of Education (together, "Department") filed an Answer to Plaintiffs' Amended Complaint ("Answer") on August 25, 2022. ECF No. 19. There are no other pending deadlines in the case.

On August 30, 2022, the Department announced that it will "discharge all remaining federal student loans for borrowers who enrolled in any location of Westwood College (including enrollment in Westwood's online program) between January 1, 2002 through November 17, 2015

when it stopped enrolling new borrowers in advance of its 2016 closure." Press Release, U.S. Dep't of Educ., Education Department Approves $1.5 billion in Debt Relief for 79,000 Borrowers Who Attended Westwood College (August 30, 2022) https://www.ed.gov/news/press-releases/education-department-approves-15-billion-debt-relief-79000-borrowers-who-attended-westwood-college. This announcement followed the Department's determination that extensive evidence shows that, between 2002 and 2015, Westwood College engaged in widespread misrepresentations about its schools' educational programs. The Department further determined that borrowers who attended Westwood during that period met the applicable standards for a defense to repayment. *See* 34 C.F.R. §§ 685.206, 222. Accordingly, the Department determined that the relevant loans, and the borrowers' obligations to repay those loans, could not be enforced. The Department further determined that each covered borrower is entitled to a discharge of eligible loans, a refund of payments made to the Secretary on those loans, updated reports to consumer reporting agencies, and, if applicable, removal of default status and restoration of the borrowers' eligibility to receive applicable federal student assistance.

The Department states that it has sent official notices to eligible borrowers explaining this final agency action and the relief to which they are entitled. As previously noted, on March 29, 2023, the Department began issuing notices to borrowers of their "Student Loan Discharge Based on Borrower Defense Evidence." ECF No. 25 at 2. The Notice provides that the Department is effectuating a "Group Discharge" regarding "all outstanding Federal student loans taken out by students for attendance at Westwood College between January 1, 2002 through the school's closure in 2016." *Id.* The Department further states that the action "follow[ed] the Department's finding that the school engaged in widespread misconduct that violated state consumer protection laws and/or made widespread substantial misrepresentations about its students' employment

prospects and the ability of its students to transfer credits, both of which create a basis for a claim for borrower defense to repayment discharge under the Department's regulations." *Id.*

The Department has made a final determination approving this legally authorized relief but, for some eligible borrowers, the Department and/or the loan servicers are still in the process of taking all necessary steps to completely effectuate relief. An update on the status of that process is provided below. The Department's consistent position, across at least three administrations, is that the Department is obligated to effectuate relief that has been finally approved, even if the steps to effectuate it are incomplete, and that any amount finally approved for relief reflects unenforceable debt that cannot be legally collected. To that end, eligible loans, including any consolidation loan that includes eligible loans, will remain paused in forbearance or stopped collections unless the borrower expressly opts out of forbearance or stopped collections. Likewise, any future attempts to collect on or enforce repayment obligations on eligible loans would be without any legal basis and the Department is legally required to eventually effectuate the discharges, refunds, and other relief described above, as the notices of the Department's final action explained.

Previous joint status reports in this matter explained that the discharge data reported by Defendants was based on information reported to the Department by the loan servicers, and that the Department had been working to verify the status of the Westwood discharges reported by the servicers using records reported in the National Student Loan Data Systems ("NSLDS"). *See, e.g.*, ECF No. 33 at 3; ECF No. 35 at 3. The information provided in this report reflects the status of the discharges as reflected in NSLDS. Additionally, to better track progress on providing relief to Westwood group borrowers, the Department has split the group of borrowers into more distinct categories.

Accordingly, of those borrowers with <u>only</u> Department-held loans, approximately 41,000 borrowers (or 83%) have received discharges.  Of those borrowers with <u>only</u> FFEL loans not held by the Department, approximately 6,800 (or 80%) have received discharges.  Of those borrowers who have a mix of qualified FFEL and Department-held loans, approximately 9,400 (or 46%) have received discharges.  In addition, discharges are currently in process for approximately 21,100 borrowers (or 27%) in the three different categories combined.  As with the numbers provided in previous reports, these numbers vary from those numbers earlier reported due to the above-noted reliance in this report on NSLDS data rather than servicer data and also because these numbers have been updated to reflect borrower-based information, which more accurately reflects the status of borrowers' discharges, rather than loan-based information.

As previously explained, *see, e.g.*, ECF No. 39 at 3, at this stage of the discharge process the Department is continuing to process more complex loans, including consolidation loans in which only a portion of the loans which were consolidated are eligible for discharge.  These cases require additional work by the Department and therefore take additional time to complete.  Moreover, the Department must balance its work in this matter with its competing agency priorities (some of which are court ordered) and limited resources.  Notwithstanding these constraints, the Department is committed to effectuating the remaining discharges as expeditiously as practicable and anticipates reporting additional progress in the next reporting period.  As the Department has previously noted, all of the loans—Department-held or otherwise—for the three named Plaintiffs in this case have been discharged.  *E.g.*, *id.*

Plaintiffs have reiterated to the Department their concern about the rate of discharges and will continue to monitor the Department's discharge performance during the proposed upcoming status report period to assess whether further action in this proceeding is required.  The parties

continue to make progress discussing the details of the Department's implementation of debt relief for former Westwood students; how such implementation will affect the named Plaintiffs and proposed class in this litigation; and how such implementation will affect future litigation in this case, if any. Pursuant to this Court's January 13, 2025 Minute Order, the parties will submit another joint status report on May 9, 2025.

Dated: March 10, 2025                     Respectfully submitted,

                                          YAAKOV M. ROTH
                                          Acting Assistant Attorney General

                                          MARCIA BERMAN
                                          Assistant Branch Director

                                          /s/*Cristen C. Handley*
                                          CRISTEN C. HANDLEY, MO Bar 69114
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street NW, Room 11520
                                          Washington, DC 20530
                                          Tel.: (202) 305-2677
                                          E-mail: cristen.handley@usdoj.gov

                                          *Counsel for Defendants*

                                          /s/*Daniel A. Zibel*
                                          Daniel A. Zibel (D.C. Bar No. 491377)
                                          Eric Rothschild (D.C. Bar No. 1048877)
                                          NATIONAL STUDENT LEGAL DEFENSE
                                          NETWORK
                                          1701 Rhode Island Ave. NW
                                          Washington, DC 20036
                                          (202) 734-7495
                                          dan@defendstudents.org
                                          eric@defendstudents.org

                                          Kyra Taylor* (D.C. Bar No. 1510681)
                                          NATIONAL CONSUMER LAW CENTER
                                          7 Winthrop Square, Fourth Floor
                                          Boston, MA 02110
                                          (617) 542-8010
                                          ktaylor@nclc.org

                    Chavis Jones** (D.C. Bar No. 1739219)
                    LAWYERS' COMMITTEE FOR CIVIL
                    RIGHTS UNDER LAW
                    1500 K Street, NW, Suite 900
                    Washington, DC 20005
                    Telephone: (202) 662-8600
                    Facsimile: (202) 783-0857
                    cjones@lawyerscommittee.org

*application for admission *pro hac vice* granted
** Practice is supervised by one or more D.C. Bar members and admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver)

                    *Attorneys for Plaintiffs*